UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD P. GAMBINO, as he is ADMINISTRATOR,
LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN;
ELECTRICAL WORKERS' PENSION FUND, LOCAL 103,
I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME
FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP
AND TRAINING FUND; and LAWRENCE J. BRADLEY,
as he is EXECUTIVE SECRETARY-TREASURER,
NATIONAL ELECTRICAL BENEFIT FUND,
         Plaintiffs,

vs.

LALAMA ELECTRICAL CONTRACTORS, INC.,
         Defendant,

and

BANK OF AMERICA,
         Trustee.

C.A. No.

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Richard P. Gambino is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan"). The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4. Plaintiff Richard P. Gambino is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund"). The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5. Plaintiff Richard P. Gambino is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund"). The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6. Plaintiff Richard P. Gambino is also the Administrator of the Joint Apprenticeship and Training Fund ("JATC"). The JATC is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7.	Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund").  The National Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

8.	The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as "the Funds."

9.	Defendant Lalama Electrical Contractors, Inc. ("Lalama") is a Massachusetts corporation with a principal place of business at 268R Quincy Avenue, Braintree, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10.	Upon information and belief, Bank of America is a banking institution holding assets of the Defendant.

## GENERAL ALLEGATIONS OF FACT

11.	On or about September 2, 2005, Lalama signed a Letter of Assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W.  A true and accurate copy of the Letter of Assent is attached hereto as Exhibit A.

12.	Lalama has been a party to successive collective bargaining agreements, including the agreement which is currently effective for the period September 1, 2006 through August 31, 2011, a copy of which is attached hereto as Exhibit B ("NECA Agreement").

13.     The NECA Agreement, like its predecessor agreements, requires signatory employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The NECA Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the 15th of the subsequent month. The NECA Agreement also specifies that working dues are to be deducted from the pay of each employee and forwarded to the Funds. The Funds and the Union have a separate agreement which allows the Funds to collect the working dues on behalf of the Union.

14.     The NECA Agreement further requires signatory employers to remit contributions to the Electrical Industry Labor Management Cooperation Trust Fund, The National Electrical Industry Fund and the Administrative Maintenance Fund for each hour worked by covered employees.

15.     Section 6.37(f) of the NECA Agreement provides that a delinquent fee must be paid for all payments made after the 15th of the month. The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month.

16.     Lalama has not paid any contributions or remitted dues deducted from its employees' pay for work performed for the period of December, 2009 to the present.

17.     Lalama owes past due interest on late-paid contributions of $2,825.59. Lalama also owes interest on the unpaid contributions, which continues to accrue until those delinquent amounts are remitted to the Funds.

18.     Lalama has been repeatedly delinquent in its payment of benefit contributions. The Funds made demands for payment and referred the matter to the Funds' counsel. The

4

Funds' counsel made repeated demands for payment of delinquent benefit contributions. On January 26, 2010, the Funds' counsel sent a letter by certified mail, return receipt requested, to Lalama demanding payment of delinquent benefit contributions for the months of November and December 2009. On February 18, 2010, the Funds' counsel sent another letter to Lalama, demanding payment of delinquent benefit contributions for the months of December 2009 and January 2010. At this time, Lalama is delinquent for the months of December 2009, January 2009, and February 2009. Attached as Exhibit C are true and accurate copies of Funds' counsel's letters and the green return receipt cards.

19. To date, despite repeated demands, the aforementioned contributions and interest in an as-yet unliquidated amount, plus continuing interest, liquidated damages, reasonable attorney's fees and costs.

## COUNT I - VIOLATION OF ERISA

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 above.

21. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the contributions it owes Plaintiff Funds for the months of December 2009 to the present and the Funds and their participants will be irreparably damaged.

22. The failure of Lalama to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

23. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

24. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 above.

25. The NECA Agreement is a contract within the meaning of §301 of the LMRA.

26. The failure of Lalama to pay all contributions owed on behalf of its covered employees and to remit the deducted dues violates the terms of the NECA Agreement.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Lalama held by Bank of America;

b. Order the attachment of the machinery, inventory and accounts receivable of Lalama;

c. Enter a preliminary and permanent injunction enjoining Lalama from refusing or failing to make payment of contributions owed to Plaintiff Funds;

d. Enter judgment in favor of the Plaintiff Funds on Count I for all contributions owed from December 2009 through the present and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus past-due interest, interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

e. Enter judgment in favor of the Plaintiff Funds on Count II for all contributions and dues deductions owed from December 2009 through the present, plus interest and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

f. Such further and other relief as this Court may deem appropriate.

                                            Respectfully submitted,

                                            RICHARD P. GAMBINO, as he is
ADMINISTRATOR, LOCAL 103, I.B.E.W.
HEALTH BENEFIT PLAN, *et al.*,

                                            By their attorneys,

                                            _/s/ Kathryn S. Shea_____
Kathryn S. Shea, BBO # 547188
Anne R. Sills, BBO #546576
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 232
kshea@segalroitman.com

Dated:  March 17, 2010

## VERIFICATION

      I, Richard P. Gambino, Administrator for the Local 103, I.B.E.W. Health Benefit Plan, et al., verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

      SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ____ DAY OF MARCH, 2010.

                                            _____
                                            Richard P. Gambino

3013 08-543/ComplaintLalama.doc

Respectfully submitted,

RICHARD P. GAMBINO, as he is
ADMINISTRATOR, LOCAL 103, I.B.E.W.
HEALTH BENEFIT PLAN, *et al.*,

By their attorneys,

 /s/ Kathryn S. Shea
Kathryn S. Shea, BBO # 547188
Anne R. Sills, BBO #546576
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 742-0208, Ext. 232
kshea@segalroitman.com

Dated: March 17, 2010

## VERIFICATION

I, Richard P. Gambino, Administrator for the Local 103, I.B.E.W. Health Benefit Plan, et al., verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 17 DAY OF MARCH, 2010.

Richard P. Gambino

3013 08-543/ComplaintLalama.doc

7